THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARY MARCUS, Appellant.

First Department, November 6, 1931.

*Mary Marcus,* appellant in person.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

PER CURIAM. The evidence which led the divided Court of Special Sessions to a judgment of conviction for shoplifting is largely that of the house detectives employed in the store in which the offense is said to have been committed. These detectives have appeared frequently as complainants and witnesses upon similar charges in that court. One of them claims to have seen defendant take a dress from the rack, fold it up and put it under her coat, a proceeding lasting about eight minutes; and that then she walked around the store from four to five minutes, and later

went into the street. They followed and brought her back into the store. A policewoman was called. It is asserted that conversations were had with defendant, the purport of which was a confession of guilt. The defendant denied making such statements.

The defendant, who appears to have been a highly educated woman of previous good character, denied taking the dress. Defendant was not searched. The dress which she was accused of stealing was produced at the trial. She produced in court, contained in a box with the store label, the dress which she says she was carrying when apprehended, and which she had purchased and paid for. It was of a different kind from that which she was accused of taking. She likewise insisted that she had been arrested, not by the patrolwoman, but by a patrolman named Sullivan. Defendant also testified that one hand was engaged in carrying an umbrella, because it was raining. The People's witnesses do not mention the umbrella or the dress which defendant says she was carrying. Their testimony indicates that she was carrying nothing except the stolen dress. The prosecution, moreover, asserted that the weather was fair, from which it is argued that it was unlikely that she was carrying an umbrella. The weather bureau report, however, shows that it was a rainy day, which tends to corroborate defendant.

When she appeared for sentence, defendant asked that the policeman, Sullivan, who was then in court, be called to corroborate her statement, but her request was denied. That testimony should have been taken. We are not satisfied with the proof of defendant's guilt.

The judgment should be reversed and a new trial ordered.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and SHERMAN, JJ.

Judgment reversed and a new trial ordered.